UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Subpoena to Anne Brous* | Misc No.   3:24-mc-25 (FJS/MJK)<br><br>Related to *Brous, et al., v. Eligo Energy, LLC, et al.*, No. 1:24-cv-1260-ER (S.D.N.Y.). |

**MEMORANDUM OF LAW IN SUPPORT OF
NON-PARTY ANNE BROUS'S MOTION TO QUASH SUBPOENA**

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship (NDNY Bar # 519819)
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com

*Counsel for Non-Party Anne Brous, Plaintiffs Ira Brous
and Michelle Schuster, the Proposed Class*

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ........................................................................................................................ 3

   I.    The Court Must Quash Eligo's Subpoena Because Eligo Failed To Tender Fees For Attendance And Mileage. ................................. 3

   II.   The Court Should Quash Eligo's Subpoena Because It Is Unduly Burdensome. ................ 4

        A.    Eligo Bears The Burden Of Showing Mrs. Brous's Testimony Is Relevant And Material To The Motion To Substitute. ........................................... 5

        B.    Eligo's Sole Argument That Mrs. Brous's Testimony Will Be Relevant To Motion Practice In The Underlying SDNY Case Fails. ..................................... 5

CONCLUSION ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**                                         **Page(s)**

*Allstate Ins. Co. v. Mahadeo Singh,*
  No. 19-1853, 2021 U.S. Dist. LEXIS 264103 (E.D.N.Y. Oct. 22, 2021) ................................ 5

*Barrett v. United States,*
  689 F.2d 324 (2d Cir. 1982) ................................................................................................. 6

*Bruccoleri v. Gangemi,*
  No. 17-7443, 2019 U.S. Dist. LEXIS 20943 (E.D.N.Y. Feb. 8, 2019) ................................... 6

*City of N.Y. v. Fedex Ground Package Sys.,*
  No. 13-9173, 2015 U.S. Dist. LEXIS 22347 (S.D.N.Y. Feb. 23, 2015) .............................. 3-4

*Esteban v. Santa Rosa Rest., LLC,*
  No. 13-963, 2016 U.S. Dist. LEXIS 59400 (D. Conn. May 4, 2016) ..................................... 4

*Galeas v. Houslanger & Assocs PLLC,*
  No. 19-4270, 2021 U.S. Dist. LEXIS 115574 (E.D.N.Y. June 21, 2021) ............................... 5

*Garcia v. City of New York,*
  No. 08-2152, 2009 U.S. Dist. LEXIS 7870 (E.D.N.Y. Feb. 4, 2009) ..................................... 6

*Gordon & Co., L.P. v. MTE Holdings, LLC,*
  No. 20-23, 2020 U.S. Dist. LEXIS 145596 (S.D.N.Y. Aug. 13, 2020) ............................... 4, 5

*Icon Compliance Servs., LLC v. Port Auth. of N.Y. & N.J.,*
  No. 14 Civ. 4123, 2015 U.S. Dist. LEXIS 21997 (S.D.N.Y. Feb. 23, 2015) .......................... 3

*Jeanty v. Bagley (In re Motion to Quash Subpoenas to Non-Parties),*
  No. 22-0319, 2024 U.S. Dist. LEXIS 170606 (N.D.N.Y. Sep. 20, 2024) ............................... 4

*Song v. Dreamtouch, Inc.,*
  No. 01-0386, 2001 U.S. Dist. LEXIS 5822, 2001 WL 487413 (S.D.N.Y. May 8, 2001) ......... 4

*UMB Bank, N.A. v. Sanofi,*
  No. 15-8725, 2017 U.S. Dist. LEXIS 202622 (S.D.N.Y. Nov. 22, 2017) ............................... 4

*Zabar v. N.Y.C. Dep't of Educ.,*
  No. 18-6657, 2024 U.S. Dist. LEXIS 131096 (S.D.N.Y. July 22, 2024) ................................ 6

**Other**

Federal Rule of Civil Procedure 45 ................................................................................... 2, 3, 4

Non-Party Anne Brous respectfully submits this Memorandum of Law in support of her Motion to Quash the subpoena that Defendants Eligo Energy, LLC and Eligo Energy NY, LLC (collectively as "Eligo") served in the underlying class action pending in the Southern District of New York (*Brous, et al., v. Eligo Energy, LLC, et al.*, 24 Civ. 1260 (ER) (S.D.N.Y.)[1] (the "Action")). Mrs. Brous respectfully requests that the Court quash Eligo's subpoena for Mrs. Brous. Counsel for both parties met and conferred regarding this dispute via email on several occasions, but they have not resolved the issue.

## PRELIMINARY STATEMENT

Eligo has taken advantage of tens of thousands of consumers hoping to save on their electricity and gas costs. Plaintiffs Michelle Schuster and Ira Brous, Mrs. Brous's late husband, were just two of those many consumers. Eligo has a practice of enticing prospective customers to switch their electric and utility provider under the guise that they will save money, when in actuality customers who switched were charged upwards of 506% more each month than what their local utility would charge. *See* Compl. ¶ 67, ECF No. 1.

Eligo has taken a scorched earth approach to defending this case in order to delay justice for the thousands of customers who they harmed. The issue before the Court is no exception: after Plaintiff Ira Brous passed away and Plaintiffs moved to substitute his late wife, Mrs. Anne Brous, in his stead, Eligo responded by subpoenaing non-party Mrs. Brous to compel her deposition*, even though she has not yet been substituted as a party* in the Action. The only basis that Eligo articulated to Plaintiffs justifying the need for her deposition is that "Ms. Brous' testimony is obviously relevant to the additional briefing" on the motion to substitute Mrs. Brous for her

---

[1] All references to ECF docket numbers contained herein refer to this case.

deceased husband. *See* Oct. 14, 2024 email from D. Meadows (attached as Exhibit 1 to the Declaration of D. Greg Blankinship ("Blankinship Decl.")). Not so.

Mrs. Brous respectfully requests that the Court quash this subpoena for the following reasons:

**First**, Defendants failed to proffer the required witness fees with the subpoena. *See* Rule 45(b)(1). As such, the subpoena must be quashed.

**Second,** Eligo's subpoena seeks information that is wholly irrelevant to the substitution motion pending in the underlying Action. Nothing to which Mrs. Brous could testify is necessary or even tangentially related to the motion to substitute her as a party. Eligo already has access to the only relevant discovery it needs to defend this motion, including Plaintiff Brous's will, which names Mrs. Brous as the executor of his estate. Accordingly, the subpoena imposes an undue burden on Mrs. Brous. The cost and burden of her deposition far outweigh the minimal value of her testimony, especially given that Eligo already possesses all the relevant information.

## FACTUAL BACKGROUND

In 2017, Mr. Brous signed a contract for service with Eligo Energy NY, LLC. ECF No. 1. On February 20, 2024, Ira Brous and Michelle Schuster initiated the underlying Action by filing a class action complaint against Eligo, alleging that Eligo breached its contract and violated state consumer protection statutes by engaging in deceptive, consumer-oriented conduct that was contrary to public policy. *Id*. Thereafter, Mr. Brous sadly passed away. Blankinship Decl. ¶ 5. On September 13, 2024 Plaintiffs filed a pre-motion letter alerting the Southern District court to their planned motion to substitute Mrs. Anne Brous for her late husband. *See* ECF No. 56. The court held a pre-motion conference on October 4, 2024 and set a briefing schedule. *See* Minute Entry for Oct. 4, 2024 Pre-Mot. Conf. Plaintiffs filed their opening brief on October 25, 2024.

Pursuant to the Southern District court's October 4, 2024 Order, Defendants will file their opposition brief in the underlying Action by November 15, 2024, and Plaintiffs will file a reply brief by November 22, 2024. *Id*.

From the pre-motion process to the present, Eligo has been attempting to depose non-party Mrs. Brous. Blankinship Decl. ¶ 7. On September 23, 2024 in an email to Plaintiffs' counsel, Eligo announced its desire to depose her on October 2, 2024. *Id*. ¶ 8. Eligo then "renew[ed]" the request to depose Mrs. Brous on October 10, 2024 again via email. *Id*. ¶ 9. Plaintiffs repeatedly informed Eligo that deposing Mrs. Brous was premature because she is not yet a party. *Id*. ¶ 10. On October 17, 2024, Eligo served a deposition subpoena on Mrs. Brous, setting a deposition date of November 6, 2024 and necessitating this motion to quash. *Id*. ¶ 12.

## ARGUMENT

### I. The Court Must Quash Eligo's Subpoena Because Eligo Failed To Tender Fees For Attendance And Mileage.

Rule 45(b)(1) unambiguously provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Eligo tendered no such fees. *See* Oct. 17, 2024 email from K. Clark to B. McInturff enclosing subpoena with blank certificate of service indicating no fee was tendered (attached as Exhibit 2 to the Blankinship Declaration).

The subpoena is therefore invalid. *See Icon Compliance Servs., LLC v. Port Auth. of N.Y. & N.J.*, No. 14 Civ. 4123, 2015 U.S. Dist. LEXIS 21997, at *5 (S.D.N.Y. Feb. 23, 2015) (quashing subpoena and holding "the instant subpoena is also invalid on the ground that the plaintiffs failed to tender the appropriate fees, as required by Rule 45(b)(1)"); *City of N.Y. v. Fedex Ground Package Sys.*, No. 13 Civ. 9173, 2015 U.S. Dist. LEXIS 22347, at *10 (S.D.N.Y. Feb. 23, 2015) (denying motion to compel compliance with subpoena and holding that "the plaintiffs' failure to

3

tender the required fees, at the time they allegedly served the subpoena, invalidates the subpoena");

*Esteban v. Santa Rosa Rest., LLC*, No. 13 Civ. 963, 2016 U.S. Dist. LEXIS 59400, at *3-4 (D. Conn. May 4, 2016) (finding subpoena invalid because "[n]owhere does Plaintiff suggest . . . that she tendered the fees for attendance and the mileage" (*citing Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386 (AGS), 2001 U.S. Dist. LEXIS 5822, 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."))).

## II.     The Court Should Quash Eligo's Subpoena Because It Is Unduly Burdensome.

Federal Rule of Civil Procedure 45 requires courts to quash or modify any subpoena within their jurisdiction that, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Subpoenas impose a per se undue burden, warranting their quashing, when they seek to depose non-parties on matters that are either irrelevant, duplicative, available from other sources, or costly. As Judge Danks recently explained, in granting a motion to quash a non-party subpoena:

> To determine whether a subpoena imposes an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

*Jeanty v. Bagley (In re Motion to Quash Subpoenas to Non-Parties)*, No. 22 Civ. 0319, 2024 U.S. Dist. LEXIS 170606, at *5-6 (N.D.N.Y. Sep. 20, 2024) (quotation omitted)). Courts are especially sensitive to imposing burdens on non-parties. *See UMB Bank, N.A. v. Sanofi*, No. 15 Civ. 8725, 2017 U.S. Dist. LEXIS 202622, at *4 (S.D.N.Y. Nov. 22, 2017) ("Where discovery is targeted to non-parties, the [c]ourt should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the nonparty." (quotation marks and citation omitted)); *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20-ms-23, 2020 U.S.

4

Dist. LEXIS 145596, at *6 (S.D.N.Y. Aug. 13, 2020) (third-party subpoenas that seek information that "is unnecessary, duplicative, and seeks information readily available from other sources . . . should be quashed as unduly burdensome").

### A. Eligo Bears The Burden Of Showing Mrs. Brous's Testimony Is Relevant And Material To The Motion To Substitute.

On this motion, Eligo bears the initial burden of demonstrating that the information sought is relevant and material to the claims and allegations in the case. *See Angelo, Gordon & Co.*, 2020 U.S. Dist. LEXIS 145596, at *3-4 ("[T]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (citation omitted)). The burden to demonstrate undue burden does not shift to Mrs. Brous until Eligo meets their burden (which Eligo will fail to do). *See id.* at *4.

### B. Eligo's Sole Argument That Mrs. Brous's Testimony Will Be Relevant To Motion Practice In The Underlying SDNY Case Fails.

Eligo's sole argument as to why Mrs. Brous's testimony is relevant is a purported connection to Plaintiffs' motion to substitute her for her deceased spouse in the underlying SDNY case. But there is nothing that Mrs. Brous can testify to that will be relevant to whether she should be substituted for her late spouse. Rule 25 simply requires that Plaintiffs show that the motion to substitute: "(1) [is] timely; (2) include[s] claims that survive decedent's death; and (3) propose[s] a proper party as a substitute." *See Allstate Ins. Co. v. Mahadeo Singh*, No. 19 Civ. 1853, 2021 U.S. Dist. LEXIS 264103, at *1 (E.D.N.Y. Oct. 22, 2021) (alteration in original) (quoting *Galeas v. Houslanger & Assocs PLLC*, No. 19 Civ. 4270, 2021 U.S. Dist. LEXIS 115574, at *7 (E.D.N.Y. June 21, 2021)). Mrs. Brous's testimony is wholly irrelevant to determine whether Plaintiffs met this burden.

**First**, the timeliness of the motion is determined by whether it was filed within 90 days of filing a Notice of Suggestion of Death. *See Zabar v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6657, 2024 U.S. Dist. LEXIS 131096, at *2-3 (S.D.N.Y. July 22, 2024). Plaintiffs' motion was filed on October 25, 2024, *i.e.* with 74 days of the Notice of Suggestion of Death being filed on August 12, 2024.[2] *See* ECF No. 45 (Suggestion of Death). Mrs. Brous's testimony can have no bearing on whether the motion was timely filed.

**Second**, the sole question for the court to address in determining whether the claims survive Plaintiff Brous's death is whether the relevant state law establishes a right of survival. *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). Mrs. Brous's testimony can have no bearing on whether Mr. Brous's claims survive as a matter of state law.

**Third**, to be a proper party, the person for substitution need only be "named in a will as the executor of the decedent's estate, even if the will is not probated." *Bruccoleri v. Gangemi*, No. 17 Civ. 7443, 2019 U.S. Dist. LEXIS 20943, at *18 (E.D.N.Y. Feb. 8, 2019) (cleaned up, citation omitted,); *see also Garcia v. City of New York*, No. 08 Civ. 2152, 2009 U.S. Dist. LEXIS 7870, at *1-2 (E.D.N.Y. Feb. 4, 2009) (a "proper party" for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." (cleaned up)). The only relevant evidence here is that Plaintiff Brous's will designates Mrs. Brous as the executor of his estate. Blankinship Decl. ¶ 13. Defendants have long had a copy of that will and they have not sought any other discovery regarding the will, nor have they challenged its validity. *Id*. at ¶ 14. If a will need not even be probated in order to establish someone's status as a proper party, then Eligo certainly has no need to essentially assume the role of a probate court and question Mrs. Brous

---

[2] Moreover, Plaintiffs' request for a pre-motion conference regarding the anticipated substitution motion (required by the presiding judge's Individual Practices, § 2.A.ii.) was filed on September 13, 2024, *see* ECF No. 56, just a month after the Suggestion of Death.

about that will. Moreover, Mrs. Brous subsequently undertook to act as the voluntary administrator of funds potentially due to Mr. Brous's estate from this lawsuit, and the Tompkins County Surrogate's Court thereafter issued a Certificate of Voluntary Administration to that effect (attached as Exhibit 3 to the Blankinship Declaration). She is undoubtedly a proper party for substitution. During the parties' conferrals, Eligo never once articulated why Mrs. Brous's testimony might be relevant to the motion to substitute. Nor can they, and therefore the subpoena is unduly burdensome and should be quashed.

## CONCLUSION

For the foregoing reasons, Non-Party Anne Brous respectfully request that the Court quash Eligo's Subpoena for Mrs. Brous to testify at a deposition and order any such other and further relief as the Court deems just, necessary and proper.

Dated: October 28, 2024  
       White Plains, New York

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,**  
**FREI-PEARSON & GARBER, LLP**

By: */s/ D. Greg Blankinship*  
D. Greg Blankinship (NDNY Bar # 519819)  
**FINKELSTEIN, BLANKINSHIP,**  
**FREI-PEARSON & GARBER, LLP**  
One North Broadway, Suite 900  
White Plains, New York 10601  
Tel: (914) 298-3281  
Fax: (914) 824-1561  
gblankinship@fbfglaw.com

*Counsel for Non-Party Anne Brous, Plaintiffs Ira Brous and Michelle Schuster, the Proposed Class*